**SPRINT SPECTRUM L.P. d/b/a Sprint PCS Plaintiffs,**

v.

**Richard P. MILLS, individually and as commissioner of the New York State Department of Education, Charles A. Szuberla, individually and as Coordinator, Facilities Management and Information Services of the New York State Department of Education, and Carl T. Thurnau, individually and as Acting Supervisor of the New York State Department of Education, Office of Facilities Planning, Defendants.**

**No. 99 Civ. 1041(BDP).**

United States District Court, S.D. New York.

Aug. 27, 1999.

David L. Snyder, Snyder & Snyder, White Plains, NY, for Plaintiffs.

Lynette P. Phillips, New York State Attorney General's Office, New York City, for Defendants.

## MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Plaintiff, Sprint Spectrum, L.P. ("Sprint"), commenced this action under the Federal Telecommunications Act of 1996 and 42 U.S.C. § 1983 alleging violations of the Act as well as of various constitutional provisions. Before this Court is defendants' motion to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Since plaintiff has stated a claim under the Telecommunications Act of 1996 and 42 U.S.C. § 1983, the defendants' motion to dismiss is denied except that it is granted, in part, as to defendant Richard P. Mills.

### *DISCUSSION*

In deciding a 12(b)(6) motion, the Court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the nonmovant's favor. *See Thomas v. City of New York,* 143 F.3d 31, 36 (2d Cir.1998). Dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is permitted "only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Scotto v. Almenas,* 143 F.3d 105, 109–10 (2d Cir.1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The task of the court in ruling on a Rule 12(b)(6) motion is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Cooper v.*

*Parsky*, 140 F.3d 433, 440 (2d Cir.1998) (quoting *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984)).

### A. Plaintiff Has Stated Claims

■ To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). A number of courts have recognized a claim under § 1983 for alleged violations of the Telecommunications Act of 1996. *See, e.g., Smart SMR of New York, Inc. v. Zoning Comm'n of the Town of Stratford*, 995 F.Supp. 52, 60–61 (D.Conn.1998); *MCI Telecommunications Corp. v. The Southern New England Telephone Co.*, 27 F.Supp.2d 326 (D.Conn.1998); *Sprint Spectrum L.P. v. Town of Easton*, 982 F.Supp. 47, 53 (D.Mass.1997).

■ The facts as pled by plaintiff adequately state claims under the Telecommunications Act of 1996 and under 42 U.S.C. § 1983 against defendants Szuberla and Thurnau. Here, Sprint has alleged that it is a public utility licensed by the FCC to provide telecommunications services in furtherance of the goals of the Telecommunications Act of 1996; that defendants, state officials, have impeded plaintiff's effort to provide telecommunications services by denying its application to install a cell site at Ossining High School, and that defendants' actions violated plaintiff's rights under several provisions of the 1996 Act and 42 U.S.C. § 1983. Defendants' motion to dismiss is denied as to defendants Szuberla and Thurnau.

### B. Mills Lacked Personal Involvement

Defendants argue that plaintiff has failed to state a claim against New York State Department of Education Commissioner Richard P. Mills in his personal capacity because Sprint's Complaint "is devoid of any facts alleging that Commission-

er Mills had any personal involvement in the denial of Sprint's building permit." Defendants' Memorandum in Opposition at 24. Because the complaint does not adequately plead defendant Mills' personal involvement in the alleged violations, plaintiff's claims against him in his individual capacity are dismissed.

■ Where damages are sought in a § 1983 action, the defendant must be responsible for the alleged constitutional deprivation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994); *AL–Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989). "[T]he general doctrine of respondeat superior does not suffice and a showing of some personal responsibility of the defendant is required." *Al–Jundi*, 885 F.2d at 1065 (internal quotations omitted). A defendant who occupies a supervisory position may be found personally involved in the deprivation of a plaintiff's constitutionally protected rights in several ways. *See Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986). The defendant may have directly participated in the infraction; the official, after learning of the violation through a report or appeal, may have failed to remedy the wrong; the official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; and lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event. *Wright*, 21 F.3d at 501; *Williams*, 781 F.2d at 323–24. In addition, supervisory liability may be imposed where an official demonstrates "gross negligence" or "deliberate indifference" to the constitutional rights of a plaintiff by failing to act on information indicating that unconstitutional practices are taking place. *Wright*, 21 F.3d at 501.

■ In determining the Commissioner of Education's liability, this Court must look to the complaints allegations concerning Mills' involvement in the unconstitutional conduct alleged. *Id.* Sprint has failed to allege that Commissioner Mills

was sufficiently personally involved in the denial of its application to install a telecommunications facility on the roof of Ossining High School. The sole reference to the Commissioner appears in the caption of the complaint and in a cursory identification of Mills as a defendant in paragraph 9 of the Complaint. The Commissioner's name does not appear anywhere on the letters sent by the Department to Sprint informing Sprint of its unwillingness to grant its application. Plaintiffs have not alleged that the Commissioner had any contact with plaintiff or with the other two defendants about this matter. Accordingly, plaintiffs have failed to state a claim against New York State Commissioner of Education Richard P. Mills in his individual capacity.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied as to Thurnau and Szuberla and granted as to defendant Mills. The Clerk of the Court is directed to enter judgment dismissing the complaint against Mills in his individual capacity.

**SO ORDERED**